UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Stephen Lee Horn, III,

        Plaintiff,        Case No. 22-11637

                              Judith E. Levy
                              United States District Judge
v.

                              Mag. Judge David R. Grand

Heidi Washington, et. al,

        Defendants.
_____/

**OPINION AND ORDER DISMISSING UNNAMED DOCTOR AND HENRY FORD HOSPITAL OF JACKSON AS DEFENDANTS**

    Plaintiff Stephen Lee Horn, III, filed this pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff is a Michigan prisoner currently confined at the Central Michigan Correctional Facility in St. Louis, Michigan. On October 12, 2022, this Court issued an opinion and order denying Plaintiff's motion for suspension and waiver of fees and costs, granting Plaintiff permission to proceed without prepaying the fees and costs for this action, and dismissing the City of Jackson, Michigan and Jackson County, Michigan as defendants. (ECF No. 13.) In considering this case for the Eastern District of Michigan's Pro Se

Prisoner Early Mediation Program, *see* Administrative Order, 21-AO-050 (Feb. 10, 2021), the Court conducted further screening of Plaintiff's complaint. For the reasons set forth below, the Court finds that Plaintiff fails to state a claim against either the unnamed doctor at the Henry Ford Hospital or the Henry Ford Hospital in Jackson, Michigan and dismisses these defendants.

## I. Legal Standard

The Court is required to screen an indigent prisoner's complaint and to dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as

well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require detailed factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

## II. Unnamed Doctor at Henry Ford Hospital

Plaintiff's claims against the unnamed doctor at the Henry Ford Hospital must be dismissed. Plaintiff alleges that he severely injured his finger during his prison food service job and was subsequently treated for that injury by a doctor at Henry Ford Hospital. (ECF No 1, PageID.6–7.) Plaintiff alleges that the doctor who treated him violated his constitutional rights by acting with deliberate medical indifference and gross negligence when treating his injury. (*See id.* at PageID.7.)

As noted above, a claim under § 1983 may only be brought against a defendant who is acting "under color of state law." *See Harris*, 583 F.3d at 364. Plaintiff bears the burden to establish that the doctor should be considered a state actor. *HealthCall of Detroit, Inc. v. State Farm Mut. Auto. Ins. Co.*, No. 22-10797, 2022 WL 3153780, at *13 (E.D. Mich. Aug. 8, 2022); *Cloy v. Keefe Commissary Network LLC*, No. 1:21-CV-989, 2022 WL 12338482, at *2 (W.D. Mich. Oct. 21, 2022). The relevant standard for determining whether the doctor acted under color of state law focuses on "'the relationship among the State, the physician and the prisoner.'" *Scott v. Ambani*, 577 F.3d 642, 649 (6th Cir. 2009) (quoting *West v. Atkins*, 487 U.S. 42, 55–56 (1988)). "In determining whether a doctor acted under

4

color of state law, the primary factor is the physician's function within the state system, not the precise terms of his employment." *Id.* (citation and internal quotation marks omitted). However, "private parties do not automatically become 'state' actors simply by caring for prisoners." *Phillips v. Tangilag*, 14 F.4th 524, 533 (6th Cir. 2021); *see also Styles v. McGinnis*, 28 F. App'x 362, 364 (6th Cir. 2001) (emergency room physician who treated prisoner was not a state actor). In *Scott*, the Sixth Circuit determined that a hospital oncologist who treated a prisoner was not a state actor because there was no contractual relationship between the oncologist and the state, and the state had no influence of the plaintiff's medical care. *Scott*, 577 F.3d at 649. The *Scott* court further concluded that because the referral came from a prison physician to the hospital in general, any oncologist with the appropriate privileges could have treated the prisoner. *Id.*, *compare with Conner v. Donnelly*, 42 F.3d 220, 225–26 (4th Cir. 1994) (holding that an orthopedic physician was a state actor when he treated a prisoner at his private office pursuant to a prison doctor's referral).

Plaintiff's case against the unnamed doctor closely resembles *Scott*. Much like in *Scott*, Plaintiff fails to allege that a contractual relationship

5

exists between the doctor and the Michigan Department of Corrections ("MDOC") or that the state had any influence over his medical care by this doctor at Henry Ford Hospital. Moreover, Plaintiff does not allege that he was referred this doctor specifically by the prison physician or what interactions this doctor had with MDOC officials, if any. Therefore, Plaintiff's complaint fails to establish that the doctor acted under the color of state law. As such, Plaintiff's § 1983 claims against the unnamed doctor must be dismissed.

### III. Henry Ford Hospital in Jackson, Michigan

Plaintiff's claims against Henry Ford Hospital in Jackson, Michigan must also be dismissed. First, Plaintiff fails to allege any facts that demonstrate that Henry Ford Hospital is a state actor for purposes of § 1983. The "mere fact that a hospital is licensed by the State is insufficient to transform it into a state actor for purposes of § 1983." *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006). And, as explained above, "private parties do not automatically become 'state' actors simply by caring for prisoners." *Phillips*, 14 F.4th at 533. Here, Plaintiff fails to allege any facts which indicate that MDOC contracts with the hospital or otherwise had any influence over the care that he received at the hospital

6

due to his prisoner status. As such, Plaintiff has not shown that Henry Ford Hospital in Jackson is a state actor subject to suit under § 1983.

Even if this Court assumes that Henry Ford Hospital is a state actor, Plaintiff has failed to allege any facts demonstrating that the hospital was personally involved in the actions giving rise to his complaint. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be based upon a theory of respondeat superior or vicarious liability. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691–92 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009); *see also Taylor v. Michigan Dep't of Corr.*, 69 F.3d 716, 727–28 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff's suit against the hospital appears to be based solely upon a theory of respondeat superior because he only challenges the care that he received by the treating physician. (*See* ECF No. 1, PageID.7.) But claims based on vicarious liability are insufficient to state a claim under § 1983. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir.

7

2001). Moreover, Plaintiff does not allege facts to show that any injury he suffered is the result of any hospital policy or regulation, or that any improper conduct arose from the deliberate failure to adequately investigate, train, or regulate employees. *See Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (setting forth three-part test for such claims). As such, Plaintiff's complaint fails to state a § 1983 claim against Henry Ford Hospital and the hospital must be dismissed.

## IV. Conclusion

For the reasons set forth above, the Court orders that the unnamed doctor and Henry Ford Hospital in Jackson, Michigan are **DISMISSED WITH PREJUDICE** from this lawsuit.

**IT IS SO ORDERED.**

Dated: November 30, 2022     s/Judith E. Levy
   Ann Arbor, Michigan     JUDITH E. LEVY
                                                    United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 30, 2022.

                                                      s/William Barkholz
                                                      WILLIAM BARKHOLZ
                                                      Case Manager