UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN LEE HORN, III,

           Plaintiff,           Civil Action No. 22-11637

v.                                       Judith E. Levy
                                       United States District Judge

HEIDI WASHINGTON, *et al.*,       David R. Grand
                                       United States Magistrate Judge

           Defendants.
_____/

**REPORT AND RECOMMENDATION TO DISMISS
PLAINTIFF'S COMPLAINT AS AGAINST DANIELLE
GOODING FOR FAILURE TO PROSECUTE**

**I.    REPORT**

On July 11, 2022, *pro se* plaintiff Stephen Lee Horn, III ("Horn"), an incarcerated person, filed a 42 U.S.C. § 1983 action against several defendants, including Danielle Gooding (identified on the docket as "Doctor of JCF [the G. Robert Cotton Correctional Facility in Jackson, Michigan]"). (ECF No. 1). Pursuant to 28 U.S.C. § 636(b), all pretrial matters have been referred to the undersigned. (ECF No. 18).

An inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought and give each defendant notice of the action by serving on him or her a summons and copy of the complaint. *See* Fed. R. Civ. P. 4. Where, as here, a plaintiff is proceeding without having to prepay the filing fee, the district court bears the responsibility for issuing the plaintiff's process to a United States Marshal, who

must effectuate service on the defendants once the plaintiff has properly identified them in the complaint. *See* 28 U.S.C. § 1915.

Pursuant to a December 13, 2022 Order (ECF No. 17), the United States Marshals Service attempted service by U.S. mail of a Notice of a Lawsuit and Request to Waive Service of a Summons upon Defendant Gooding at the address provided by Horn in his complaint – 3500 N. Elm Road, in Jackson, Michigan – JCF's address. (ECF No. 23, PageID.107). However, service on Defendant Gooding was not accomplished.

As a result, on September 20, 2023, the Court issued an Order Directing U.S. Marshals Service to Make Reasonable Efforts to Locate and Serve Defendant Danielle Gooding. (ECF No. 57). In that order, the Court explained:

> "[W]hen a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once *reasonable steps have been taken to identify for the court the defendants named in the complaint*." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (emphasis added). While "[t]he Marshal needs from the [*pro se* plaintiff] information sufficient to identify the guard ('John Doe No. 23' won't do);" the plaintiff "need furnish no more than the information necessary to identify the defendant." *Sellers v. U.S.*, 902 F.2d 598, 602 (7th Cir. 1990). In other words, "[a] plaintiff using the U.S. Marshal's Service for service of process 'must provide sufficient information to identify the defendant with "reasonable effort."'" *Owens v. Riley*, No. 11-1392, 2012 U.S. App. LEXIS 4560, at *10-11 (6th Cir. Jan. 6, 2012) (quoting *Danik v. Housing Auth. of Baltimore City*, 396 F. App'x 15, 16 (4th Cir. 2010)).
>
> Once a *pro se* plaintiff provides sufficient identifying information, the U.S. Marshals must make a reasonable effort to locate and serve a defendant. *See Johnson v. Herren*, No. 2:13-cv-583, 2013 WL 6410447, at *3-4 (S.D. Ohio Dec. 9, 2013) (collecting cases interpreting "reasonable efforts" and concluding that the Marshals Service "discharges its duty to take 'reasonable efforts' to try to effect

2

> service of process by conducting an internet search and contacting a defendant's former employer, even if that search is ultimately unsuccessful"); *see also Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (holding that once a defendant former prison employee is properly identified, "the Marshals Service should be able to ascertain the individual's current address and, on the basis of that information, complete service").

(ECF No. 57, PageID.387-88). Recognizing that Horn had provided Defendant Gooding's full name and the fact that she was a medical provider at JCF, and noting that Gooding may have been employed by the Michigan Department of Corrections' outside medical services provider (Wellpath), the Court ordered the U.S. Marshals Service to take reasonable steps to locate Defendant Gooding's address. (*Id.*, PageID.388). Specifically, the Court instructed:

> Therefore, for the foregoing reasons, the United States Marshals Service is **DIRECTED** to take reasonable steps to locate Defendant Gooding's current address. Specifically, the Marshals Service shall, over the course of the next 30 days, conduct a public internet search for Defendant Danielle Gooding's current address and, if necessary, make inquiry of Wellpath in an attempt to determine a work service address for Defendant Gooding (and, if no work service address is available, her last known home address) and attempt to effect service of process on this defendant.

(*Id.*) (emphasis in original).

On November 16, 2023, however, a document captioned "U.S. Marshals Service Notice of Reasonable Effort Search" was docketed. (ECF No. 61). In that document, the Marshals indicated that they conducted a Lexis/Nexis search for Danielle Gooding but were unable to locate her address via that search method. (*Id.*). The Marshals further indicated that, despite calling Wellpath's corporate office, they were unable to obtain an address for Defendant Gooding. (*Id.*). Thus, despite this Court's and the Marshals' best

3

efforts, Defendant Gooding still was not served.

Therefore, on November 27, 2023, the Court issued an order requiring Horn to show cause, on or before December 22, 2023, why this action should not be dismissed without prejudice, as against Defendant Gooding. (ECF No. 62). To date, Horn has failed to respond to the Court's Order to Show Cause or to provide any other address at which service can be attempted on Defendant Gooding.

A court may dismiss an action under Fed. R. Civ. P. 41(b) when a plaintiff fails to prosecute, comply with the Federal Rules, or comply with a court order. In deciding whether to dismiss for these reasons, a court should consider (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the delinquent party's conduct; (3) whether the delinquent party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *See Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001). Moreover, under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court … must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Applying these principles to the instant case, the Court finds that at least three of the four factors weigh in favor of dismissal. First, despite the Court putting Horn on notice of the significance of the unsuccessful attempts to serve Defendant Gooding, Horn has failed to respond to the Court's Order to Show Cause in any manner whatsoever. While the Court does not presume this is the result of bad faith or willfulness, Horn is clearly at fault for failing to comply with the Court's order. With respect to the second factor,

4

although Defendant Gooding would not be directly prejudiced by allowing Horn additional time to locate her, he has not shown a desire or ability to do so, and in light of that, it would be inappropriate, and inconsistent with Fed. R. Civ. P. 4(m), to keep this case active against her at this time.

The third and fourth factors also weigh in favor of dismissal in light of the Court's Order to Show Cause; Horn simply failed to respond to that order, which was issued more than one month ago. (ECF No. 62). Thus, Horn has been on notice for weeks that his failure to provide an accurate address for Defendant Gooding could lead to dismissal of his claims against her, yet Horn has neither remedied this deficiency nor offered any explanation as to why he has not done so. Finally, given the length of time that has passed since the initiation of this lawsuit, the fact that service on Defendant Gooding has been attempted multiple times, and the fact that Horn has not responded to the Court's most recent order, the Court sees no utility in imposing a sanction short of dismissal.

Thus, having considered the relevant factors, it is appropriate to dismiss this action, as against Defendant Gooding, pursuant to Rules 4(m) and 41(b) due to Horn's failure to provide a sufficient address for service, as well as his failure to comply with the Court's Order to Show Cause. Under Rule 4(m), such a dismissal should be without prejudice.

**II.    RECOMMENDATION**

For the reasons stated above, the Court **RECOMMENDS** that Horn's complaint be **DISMISSED WITHOUT PREJUDICE** as against Defendant Gooding.

Dated: January 8, 2024                             s/David R. Grand
Ann Arbor, Michigan                                DAVID R. GRAND
                                                   United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 8, 2024.

                                                            s/Eddrey O. Butts
                                                            EDDREY O. BUTTS
                                                            Case Manager