UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Stephen Lee Horn, III,

              Plaintiff,      Case No. 22-cv-11637

v.                                Judith E. Levy
                                United States District Judge

Heidi Washington, *et al.*,
                                Mag. Judge David R. Grand

             Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFF STEPHEN LEE HORN, III'S OBJECTIONS [47], ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR INJUNCTION [46], AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT [55]**

Before the Court is Magistrate Judge David R. Grand's Reports and Recommendations ("R&R") (ECF Nos. 46, 55) for Defendants Heidi Washington, Les Parish, Robert Mulligan, and Kevin Bushroe's[1] motion for summary judgment (ECF No. 31) and Plaintiff Stephen Lee Horn's motion for injunction. (ECF No. 40.)

---

[1] In his complaint, Horn mistakenly identifies Bushroe as "Brushwick." (ECF No. 1, PageID.3.)

Judge Grand issued the R&R on Plaintiff's motion for injunction on June 14, 2023 (ECF No. 46), and the R&R on the Defendants' motion to dismiss and for summary judgment on September 15, 2023. (ECF No. 55.) The parties were required to file specific written objections, if any, within fourteen days of service. *See* Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). Horn submitted objections to the R&R on his motion for injunction; the objections are dated June 23, 2023. (ECF No. 47.) Defendants responded to the objection. (ECF No. 48.) As to the R&R on Defendants' motion to dismiss and for summary judgment, no objections were filed.

## I.  Background

The factual and procedural background set forth in the R&Rs is fully adopted as though set forth in this Opinion and Order. (ECF Nos. 46, 55.)

## II.  Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. *See* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be

proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *see Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that are vague and dispute the general correctness of the report and recommendation. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough to permit the Court to squarely address them on the merits. *See Pearce*, 893 F.3d at 346. Because Plaintiff is self-represented, the Court will construe his objection liberally. *See Boswell v. Mayer*, 169 F.3d 384,

3

387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings."); *Stanley v. Vining*, 602 F.3d 767, 771 (6th Cir. 2010) (stating that "we read a [*pro se*] prisoner's complaint liberally").

## III. Analysis

### A. Plaintiff's motion for injunction

Plaintiff filed a "motion for a[n] injunction" requesting "computer, copies, assisted, le[g]al writer." (ECF No. 40, PageID.280.) The R&R recommends denying Plaintiff's request for injunctive relief. (ECF No. 46, PageID.320.)

In the first paragraph of his objection, Plaintiff states that he "object[s] to the ruling." (ECF No. 47, PageID.323.)

#### i. *Plaintiff's second paragraph*[2]

In the second paragraph, Plaintiff objects to the R&R's recommendation that the Court deny his request for a clerk at the facility's law library. (*Id.*) Plaintiff states,

> 2) Plaintiff "object" concerning the denying of having a clerk (not) at this branch facility (MBP) for the law-library as they are hired in "all" other facilities of (M.D.O.C.) for the assistances of case laws

---

[2] It is unclear if Plaintiff intended to raise one or multiple objections. The Court will address each paragraph in Plaintiff's response to the R&R. (ECF No. 47.)

4

> and martial of law, and with forms and could and direction to filing their wone active here at this facility, to assist with the facts that could help Plaintiff to cross examine the Defendants which violates his 6th Amendment.[3]

(*Id.*)

Defendants argue that "Horn did not raise the issue of the law library clerk in . . . his injunction motion." (ECF No. 48, PageID.328.) While it is true that a clerk is not in Plaintiff's list of "relief requested," Plaintiff does discuss the lack of a clerk in his original motion, (ECF No. 40, PageID.280 ("[T]heirs no clerk here to assist with the assisting or reference to proper material.")), and the R&R addresses Plaintiff's allegation that he lacks legal assistance. (ECF No. 46, PageID.318.)

However, Defendants are correct that "Horn does not specify the parts of the R&R he is objecting to, as required by E.D. Mich. LR 72.1(d)." (ECF No. 48, PageID.328.) Plaintiff reiterates that he wants a clerk in his facility's law library but does not "address specific concerns with the magistrate [judge]'s report." *Howard*, 932 F.2d at 509 (citing *Arn*, 474 U.S. at 147). Therefore, this is not a proper objection.

---

[3] Unless otherwise indicated, quotations from Plaintiff's filings will be reproduced exactly as written, without correction, to avoid changing the meaning of Plaintiff's submissions.

The R&R recommended that Plaintiff's motion be denied because Plaintiff does not meet the four factors required for a preliminary injunction:

> "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction."

(ECF No. 46, PageID.316–317 (quoting *Robinson v. Long*, 814 F. App'x 991, 994 (6th Cir. 2020)).) The R&R determined that Plaintiff cannot meet the second, third, or fourth factors.

As to the second factor, the R&R determined that Plaintiff "has not demonstrated that he will suffer irreparable harm without immediate injunctive relief" because Plaintiff did not show an actual injury. (*Id.* at PageID.318.) Plaintiff did not show an actual injury because he "has not established that 'the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim,'" (*Id.* (quoting *Annabel v. Frost*, No. 14-10244, 2017 WL 4161107, at *4 (E.D. Mich. Sept. 20, 2017))), and because Plaintiff "does not currently have any imminent due dates before the Court." (*Id.*) Plaintiff states in his objection that a clerk provides "assistances of case laws and martial of

6

law, and with forms" and could "assist with the facts that could help plaintiff to cross examine the Defendants which violates his 6th Amendment." (ECF No. 47, PageID.323.) However, Plaintiff has not identified specific forms that he needs help with, *see Jackson v. Gill*, 92 F. App'x 171, 173 (6th Cir. 2004) (holding that prisoner failed to allege any actual prejudice because "he did not allege what his legal mail was, or that he had a case dismissed, was prevented from filing a complaint, or missed a legal deadline"), and Plaintiff has still not identified any filings that he was unable to prepare due to the lack of assistance.[4]

Additionally, the R&R concluded that Plaintiff does not meet the final two factors because the resolution of prison administration issues by prison authorities "should be accorded deference by the Courts." (ECF No. 46, PageID.319 (quoting *Bazzetta v. McGinnis*, 124 F.3d 774, 779 (6th Cir. 1997)).) The R&R looks to Michigan Department of Corrections ("MDOC") policies, which set forth the materials and services (such as a legal writer) inmates have access to and how they can be accessed. (*Id.*

---

[4] To the extent Plaintiff requests that prison staff assist him in gathering facts to assist in cross-examination, this appears to go beyond the scope of the legal assistance he is entitled to. *See* MDOC Policy Directive 05.03.115 ("However, neither staff nor prisoner clerks shall provide legal advice beyond instructions on the use of the [electronic law library] and the law library collection.").

7

(quoting MDOC Policy Directive 05.03.116).) A review of MDOC Policy Directive 05.03.115 (Law Libraries) establishes that MDOC does not require that clerks always be available to assist in the law libraries.

Plaintiff's objection does not address the R&R's analysis. Accordingly, this objection is denied.

### ii. *Plaintiff's third paragraph*

In the third paragraph of Plaintiff's objection, Plaintiff objects to the R&R's recommendation that the Court deny his requests for a computer upgrade, better internet connection, books, and a clerk. (ECF No. 47, PageID.324.)

> Plaintiff objection for the Court not ordering or stepping in to assist with proper computer upgrade, for the plaintiff claim, because of MBP prison whereabouts (Upper Michigan) their wi-fi connection is soon to be upgraded, but does not help Plaintiff at this point and time, to proceed in further claim, because the computer locks up and Plaintiff can not finish research to case laws because of the freezing of wi-fi, and their no books located and no clerks to assist so courts are denying Plaintiff with over coming this summary judgment or any further matters in this claim.

(*Id.*)

Like Plaintiff's second paragraph, this objection does not "address specific concerns with the magistrate [judge]'s report." *Howard*, 932 F.2d

at 509 (citing *Arn*, 474 U.S. at 147). Therefore, this is not a proper objection.

Further, the R&R's recommendations as to these issues still holds. The Court has already addressed Plaintiff's request for a clerk. *See supra* i. Plaintiff's second paragraph. Also, this is the first time Plaintiff has raised that he is requesting books. "Issues raised for the first time in objections to a magistrate judge's report and recommendation are deemed waived." *Peterson v. Burris*, No. 17-1291, 2017 WL 8289655, at *3 (6th Cir. Dec. 8, 2017). To the extent that Plaintiff requests books, his objection is denied. Additionally, Horn has not pointed to any law that requires MDOC to provide him with a computer upgrade or wi-fi.

Finally, Plaintiff has not demonstrated an actual injury. Plaintiff claims that computer and internet issues are preventing his research from progressing. (ECF No. 47, PageID.324.) However, Plaintiff can request extensions of time for deadlines, and has successfully done so in the past. (*See* ECF No. 37 (requesting extension of time for response to Defendants' Motion for Summary Judgment because of law library limitations and his inexperience); ECF No. 38 (granting Plaintiff's motion

for extension of time).) Plaintiff does not allege specific due dates that he missed because of computer issues. (*See* ECF No. 46, PageID.318.)

Accordingly, Plaintiff's objection is denied.

### iii. *Plaintiff's fourth paragraph*

In the fourth paragraph, Plaintiff states,

> Plaintiff also object for asking of this Court to have a legal assisted which a legal writer that's already hired by MBP and is inmate to assist Plaintiff, because of the other matters that's involved, of computer, clerk, and no books. Plaintiff object showing that the Courts are trying to dismiss his claim because by stating there are no other litigation, meaning no more paper-work have to be filed object.

(ECF No. 47 at PageID.324.) The Court will construe this as an objection to the R&R's recommendation that the Court deny his request for a legal writer.

As stated previously, Plaintiff has not demonstrated actual injury because he has not identified specific legal claims that he has not been able to pursue due to the lack of a legal writer. Also, "inmates may be provided a legal writer only if they meet the requirements for eligibility." (ECF No. 46, PageID.319 (citing MDOC Policy Directive 05.03.116 (effective Apr. 5, 2021)).) If Plaintiff believes he was wrongfully denied a legal writer by MDOC, "the appropriate remedy would be to file a

10

grievance." (*Id.* (citing MDOC Policy Directive 03.02.130).) Accordingly, Plaintiff's objection is denied.

### B. Defendants' motion for summary judgment

Also before the Court is the R&R recommending the Court grant Defendants Heidi Washington, Les Parish, Robert Mulligan, and Kevin Bushroe's motion to dismiss and for summary judgment. (ECF No. 55.) The parties were required to file specific written objections, if any, within 14 days of service. Fed. R. Civ. P. 72(b)(2); E.D. Mich. L.R. 72.1(d). No objections were filed. The Court has nevertheless carefully reviewed the Report and Recommendation and concurs in the reasoning and result.

### IV. Conclusion

For the reasons set forth above, Plaintiff's objections to the R&R on his motion for injunction (ECF No. 47) are DENIED and the R&Rs (ECF Nos. 46, 55) are ADOPTED. Accordingly, Plaintiff's motion for injunction (ECF No. 40) is DENIED and Defendants' motion to dismiss and for summary judgment (ECF No. 31) is GRANTED.

IT IS SO ORDERED.

Dated: February 5, 2024        s/Judith E. Levy
Ann Arbor, Michigan         JUDITH E. LEVY
                                   United States District Judge

11

## CERTIFICATE OF SERVICE

 The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 5, 2024.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
