UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Stephen Lee Horn, III,

           Plaintiff,      Case No. 22-11637

v.      Judith E. Levy
United States District Judge

Heidi Washington, *et al.*,

      Mag. Judge David R. Grand

           Defendants.

_____/

**ORDER DISMISSING PLAINTIFF'S COMPLAINT AGAINST DEFENDANTS JOHN DOE AND JANE DOE WITHOUT PREJUDICE**

On July 11, 2022, Plaintiff initiated this pro se civil rights case against a number of Defendants, including "John Doe" and "Jane Doe." (ECF No. 1.) All other Defendants in the case have now been dismissed. (*See* ECF Nos. 13, 15, 65, 67.) On April 18, 2024, the Court ordered Plaintiff to show cause in writing by May 2, 2024 why Defendants John Doe and Jane Doe should not be dismissed for lack of service and for failure to prosecute.[1] (ECF No. 68.) *See also* Fed. R. Civ. P. 4(m), 41(b);

---

[1] On May 29, 2024, a copy of the Court's show cause order sent to Plaintiff's most recent address was returned to the Court as undeliverable. (ECF No. 69.)

E.D. Mich. LR 41.2. Plaintiff has not filed a response to the Court's show cause order, and the time for him to do so has elapsed.

As the Court noted in its show cause order, Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." (ECF No. 68, PageID.425 (quoting Fed. R. Civ. P. 4(m)).) And as Magistrate Judge David R. Grand has previously explained, "[a] plaintiff using the U.S. Marshal's Service for service of process 'must provide sufficient information to identify the defendant with "reasonable effort."'" (ECF No. 57, PageID.387 (alteration in original) (quoting *Owens v. Riley*, No. 11-1392, 2012 U.S. App. LEXIS 4560, at *10 (6th Cir. Jan. 6, 2012)).) "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Claybron v. Deangelo*, No. 2:21-cv-11953,

---

Eastern District of Michigan Local Rule 11.2 provides: "If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs." The Court has previously provided Plaintiff with notice of Local Rule 11.2 (ECF No. 10), and Plaintiff has filed several change-of-address notices in this case. (*See* ECF Nos. 14, 41, 54, 58, 64.)

2022 WL 5236843, at *1 (E.D. Mich. Aug. 25, 2022) (quoting *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)), *report and recommendation adopted*, No. 21-cv-11953, 2022 WL 5199879 (E.D. Mich. Oct. 5, 2022).

Here, Plaintiff has failed to provide sufficient identifying information for John Doe or Jane Doe to enable the U.S. Marshals Service to locate and serve these Defendants. Nor has Plaintiff demonstrated any other efforts to identify or serve these Defendants within the ninety-day period under Rule 4(m). Further, Plaintiff did not respond to the Court's April 14, 2024 order or otherwise show good cause. Thus, dismissal of John Doe and Jane Doe without prejudice is required under Rule 4(m).

Dismissal of John Doe and Jane Doe is also warranted for failure to prosecute under Rule 41(b). When contemplating the dismissal of a case for failure to prosecute, the Court considers the following four factors:

> (1) Whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Bay Corrugated Container, Inc. v. Gould, Inc.*, 609 F. App'x 832, 835 (6th Cir. 2015) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). "While none of these factors is dispositive, a case may be

3

dismissed by a district court where there is a clear record of delay or contumacious conduct on the part of the plaintiff." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001) (citing *Knoll*, 176 F.3d at 363; *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993)).

The Court concludes that these factors weigh in favor of dismissal of John Doe and Jane Doe. As to the first factor, the Court finds that Plaintiff is as fault for failing to respond to the Court's show cause order.[2] The Court is not aware of any prejudice to John Doe or Jane Doe based on Plaintiff's failure to timely identify and serve these Defendants, so the second factor weighs against dismissal. With respect to the third factor, the Court warned Plaintiff in the show cause order that "[f]ailure to file a response by Thursday, May 2, 2024[,] will result in sanctions, including the dismissal of the remaining Defendants and this action." (ECF No. 68, PageID.427 (emphasis omitted).) As to the fourth factor, the Court finds that lesser sanctions are not appropriate given Plaintiff's failure to timely identify and serve John Doe and Jane Doe under Rule 4(m). Thus, the

---

[2] Plaintiff also failed to timely advise the Court of any change in his current address pursuant to Local Rule 11.2. (*See* ECF No. 69 (mail to Plaintiff returned as undeliverable).)

Court concludes that dismissal of John and Jane Doe is also appropriate under Rule 41(b).

Accordingly, Defendants John Doe and Jane Doe are DISMISSED WITHOUT PREJUDICE pursuant to Rule 4(m) and Rule 41(b).

IT IS SO ORDERED.

Dated: May 30, 2024             s/Judith E. Levy
Ann Arbor, Michigan         JUDITH E. LEVY
                                         United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 30, 2024.

                                           s/William Barkholz
                                           WILLIAM BARKHOLZ
                                           Case Manager